```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
REGINALD G. McFADDEN,

                Petitioner,
                                          MEMORANDUM & ORDER
        -against-                         15-CV-0119 (JS)

ANDREW CUOMO, Governor of
New York,

                Respondent.
--------------------------------X
APPEARANCES
For Petitioner:    Reginald G. McFadden, pro se
                   95-A-6279
                   Attica Correctional Facility
                   639 Exchange Street
                   P.O. Box 149
                   Attica, NY 14011

For Respondent:    Judith R. Sternberg, Esq.
                   Nassau County District Attorney's Office
                   262 Old Country Road
                   Mineola, NY 11501

                   Paul B. Lyons, Esq.
                   Office of the N.Y.S. Attorney General
                   120 Broadway
                   New York, NY 10271
```

SEYBERT, District Judge:

Before the Court is petitioner Reginald G. McFadden's ("McFadden" or "Petitioner") motion seeking discovery pursuant to Rule 6 of the Rules Governing Section 2254 Proceedings in the United States District Court. (Docket Entry 7.) For the following reasons, the discovery motion is DENIED.

BACKGROUND

On December 7, 1969, Petitioner, and three friends robbed and murdered Sonia Rosenbaum in Pennsylvania. (Resp't's Ans., Docket Entry 11, ¶ 6.) Following a jury trial, McFadden was convicted of the murder, as well as lesser crimes, and sentenced to life imprisonment. (Resp't's Ans. ¶ 6.) After serving twenty-five years of his life sentence, Petitioner was pardoned by the governor of Pennsylvania and, on July 7, 1994, released to New York under the interstate parole system. (Resp't's Ans. ¶ 7.)

On September 28, 1994, McFadden raped and murdered Margaret Kierer. (Resp't's Ans. ¶ 8.) McFadden was indicted in Nassau County for six counts of Murder in the Second Degree; Robbery in the First Degree; Rape in the First Degree; Aggravated Sexual Abuse in the First Degree; and Sexual Abuse in the First Degree. (Resp't's Ans. ¶ 9.) At the time of his indictment, McFadden was involved in unrelated proceedings in Rockland County, New York, where he had been indicted on multiple charges of rape, sexual abuse, robbery, burglary and lesser crimes. (Resp't's Ans. ¶ 10.)

Upon the conclusion of Petitioner's jury trial and conviction in Rockland County, he was transported to Nassau County, where, on September 27, 1995, he pleaded guilty to Murder in the Second Degree for the murder of Margaret Kierer and in satisfaction of all charges contained in the Nassau County indictment.

(Resp't's Ans. ¶ 11.)  As part of his plea, McFadden waived his right to appeal.  (Resp't's Ans. ¶ 11.)  On October 25, 1995, Petitioner was sentenced to a term of imprisonment of twenty-five years to life.  (Resp't's Ans. ¶ 12.)  The sentence was ordered to run consecutively to the sentences already imposed in both Rockland County and Pennsylvania.  (Resp't's Ans. ¶ 12.)  Petitioner did not file a direct appeal from the Nassau County judgment of conviction.  (Resp't's Ans. ¶ 12.)

Petitioner was indicted for another murder in Rockland County, and was tried, convicted, and sentenced to a term of imprisonment of twenty-five years to life.  (Resp't's Ans. ¶ 13.) The conviction was affirmed by the Appellate Department, second Judicial Department ("Appellate Division").  See People v. McFadden, 261 A.D.2d 419, 692 N.Y.S.2d 395 (2d Dep't 1999).  On September 25, 2013, Petitioner claimed that he was denied effective assistance of appellate counsel in that matter.  (Resp't's Ans. ¶ 13.)  The Appellate Division denied his claim.  See People v. McFadden, 109 A.D.3d 1008, 971 N.Y.S.2d 703 (2d Dep't 2013).

In 1996, Petitioner sought to set aside his Nassau County guilty plea for the murder of Margaret Kierer, and filed a motion pursuant to Criminal Procedure Law ("C.P.L.") § 440.  (Resp't's Ans. ¶ 14.)  McFadden claimed that his plea was coerced and that he endured ineffective assistance of counsel.  (Resp't's Ans. ¶ 14.)  The petition was denied on January 16, 1997, and leave to

3

appeal to the Appellate Division was denied on March 26, 1997. (Resp't's Ans. ¶ 14.)

McFadden sought a writ of habeas corpus in the United States District Court, Eastern District of New York. (Resp't's Ans. ¶ 15.) Petitioner argued that he had been denied the right to file a post-judgment motion and thus, his Nassau County conviction was invalid. (Resp't's Ans. ¶ 15.) McFadden then filed a supplemental motion claiming that: (1) his arrest was illegal; (2) he had been denied effective assistance of counsel; (3) his plea was involuntary; and (4) he had been denied the right to file a post-judgment motion. (Resp't's Ans. ¶ 15.) The Court found Petitioner's arguments both procedurally barred and meritless and denied McFadden's application for a writ of habeas on February 2, 1999. See McFadden v. Kuhlman, No. 96-CV-5976 (E.D.N.Y. Feb. 2, 1999).

While his petition for a writ of habeas corpus was pending, McFadden filed another post-judgment motion in County Court, Nassau County. (Resp't's Ans. ¶ 16.) Petitioner asserted that: (1) the trial court failed to adhere to statutory requirements for sentencing a prior felony offender; (2) he was not advised of his right to appeal; (3) the court should have advised him of the existence of an affirmative defense; (4) the court failed to comply with the requirements of C.P.L. § 220.10(5); and (5) the court should have ordered that he be examined pursuant

to C.P.L. Article 730. (Resp't's Ans. ¶ 16.) The motion was denied on December 16, 1998, and leave to appeal to the Appellate Division was denied on February 23, 1999. (Resp't's Ans. ¶ 16.)

McFadden filed a third C.P.L. § 440 motion in April 1999, seeking vacatur of the judgment of conviction in this matter claiming that the prosecution knowingly presented perjured testimony in the grand jury and the defense counsel defrauded the court. (Resp't's Ans. ¶ 17.) On July 28, 1999, the motion was denied, and leave to appeal to the Appellate Division was denied on September 29, 1999. (Resp't's Ans. ¶ 17.)

A few years later, Petitioner filed a C.P.L. § 440 motion seeking vacatur of the judgment. (Resp't's Ans. ¶ 18.) This time McFadden claimed that his plea was involuntary because, at the time of the plea, he was: (1) suffering the effects of a prescription drug that "'impaired [his ability to defen[d]'" himself; (2) not informed of the consequences of his plea; and (3) not informed of his right to appeal. (Resp't's Ans. ¶ 18.) The petition was denied on December 5, 2005, and leave to appeal to the Appellate Division was denied on April 5, 2006. (Resp't's Ans. ¶ 18.)

In 2013, McFadden filed a fifth C.P.L. § 440 motion seeking vacatur of his Nassau County conviction. (Resp't's Ans. ¶ 19.) He asserted that: (1) the grand jury proceedings were flawed; (2) he was denied effective assistance of counsel; (3) his

5

plea allocution was inadequate; and (4) his plea was coerced. (Resp't's Ans. ¶ 19.) McFadden also requested DNA testing of all forensic evidence in the possession of both the Nassau County and Rockland County authorities. (Resp't's Ans. ¶ 19.) On December 23, 2013, Petitioner's motion was denied, and on May 7, 2014, he leave to appeal to the Appellate Division was denied. (Resp't's Ans. ¶ 20.)

On January 5, 2015, McFadden has once again petitioned this Court seeking a writ of habeas corpus. (Pet., Docket Entry 1.) Petitioner claims that: (1) he was illegally arrested; (2) his guilty plea was involuntary; (3) he was secretly indicted on the basis of false evidence; (4) trial counsel was ineffective; (5) his plea was not authorized by New York law; (6) exculpatory evidence was not presented to the grand jury; (7) his prosecution was politically motivated by New York Governor George Pataki; (8) he was prevented from filing a motion to withdraw his guilty plea prior to sentencing; (9) he was wrongly denied permission to appeal from the denial of his first C.P.L. § 440 motion; and (10) his sentence is illegal under New York law. (Resp't's Ans. ¶ 21.)

Pending before the Court is Petitioner's motion for discovery. Specifically, McFadden seeks production of the following documents: (1) any and all "DD5 Reports;" (2) any and all forensic lab reports; (3) any and all depositions; (4) any and all investigatory notes created by

6

> Det. Brian Porpon, Det. Richard Core, Det. James Cereghimo, Det. Frank Guidice, and Det. (Sgt.) Edwards, involving investigation and prosecution of People v. Reginald McFadden, Ind. No. 89766-94, involving New York State Police Lab, FBI lab, BCI Chain of Custody, and testing of blood, semen or hair samples, involving any joint investigation with Rockland County D.A. and CBR-Labs under Dr. David H. Bing, under Case # C 492 involving the seizure, search, testings of a 1977 Cadillac 4-Door Sedan NY Reg. # E212ND, an in-court inspection of Grand Jury minutes to determine use of perjury regarding Det. Richard Love's Investigation of Sept. 27, 1994 involving his handwritten notes on Sept. 1994 calendar of interviewing Drs. Paul and Isabel Ehrlichs of Carmel, N.Y., Putnam County on Sept. 27, 1994 at 12 noon–4:30 pm.

See Discovery Mot. at 1-2. Petitioner seeks these documents to "prove accusation that Respondent's pattern of deliberately, tactically misleading the Court to deny relief" (Discovery Mot. at 2-3) and show "how false evidence was offered to secure a politically motivated indictment." (Discovery Mot. at 3.)

## DISCUSSION

The Court will first address the applicable legal standard before turning to the merits of the motion.

I. Legal Standard

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-97, 138 L. Ed. 2d 97 (1997). Rather, Rule 6(a) of the Rules Governing Section 2254 Proceedings provides that a "judge may, for

7

good cause, authorize a party to conduct discovery . . . ." 28 U.S.C. § 2254, Rule 6(a). Good cause requires more than "[g]eneralized statements regarding the possibility of the existence of discoverable material." Pizzuti v. United States, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (citations omitted); see also Edwards v. Superintendent, Southport C.F., 991 F. Supp. 2d 348, 364 (E.D.N.Y. 2013) (citations omitted). Moreover, "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents 'merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error.'" Pizzuti, 809 F. Supp. 2d at 176 (quoting Ruine v. Walsh, No. 00-CV-3798, 2005 WL 1668855 at *6 (S.D.N.Y. July 14, 2005); see also, e.g., Charles v. Artuz, 21 F. Supp. 2d 168, 169-70 (E.D.N.Y. 1998). A petitioner can meet his burden of showing "good cause" for discovery only when "specific allegations that give the [c]ourt show 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Edwards, 991 F. Supp. 2d at 364 (ellipsis in original) (quoting Bracy, 520 U.S. at 908-09); see also, e.g., Drake v. Portuondo, 321 F.3d 338, 346 (2d Cir. 2003).

II. Grand Jury Discovery Materials

"[I]t is well-settled that claims based on the sufficiency of the evidence presented to a state Grand Jury are

8

not cognizable under federal law and thus are not reviewable in a habeas corpus petition." Walker v. Brown, No. 08-CV-1254, 2009 WL 2030618, at *7 (E.D.N.Y. July 10, 2009); see also Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) ("[F]ederal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, [and] similar claims concerning a state grand jury proceeding are a fortiori foreclosed in a collateral attack brought in a federal court."). Moreover, a knowing and voluntary guilty plea renders "any errors in the grand jury proceeding" harmless. Jordan v. Dufrain, No. 98-CV-4166, 2003 WL 1740439, at *3 (S.D.N.Y. Apr. 2, 2003); see also Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); see also Alston v. Ricks, No. 01-CV-9862, 2003 WL 42144, at *7 (S.D.N.Y. Jan. 7, 2003) ("[A] guilty plea extinguishes the ability of a habeas petitioner to raise a claim regarding misconduct before a grand jury.").

Accordingly, because claims regarding sufficiency of the evidence presented in a state court Grand Jury proceeding,

9

especially when a guilty plea has been entered by a criminal defendant, are foreclosed from federal habeas corpus review, Petitioner's request for the Grand Jury minutes is DENIED.

III. Brady Discovery Materials

To the extent that Petitioner's motion can be construed as requesting Brady material, a Brady claim requires that (1) evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching, (2) the evidence must have been suppressed by the State, either willfully or inadvertently, and (3) the evidence must prejudice the defendant. Strickler v. Greene, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948, 144 L. Ed. 2d 286 (1999); United States v. Coppa, 267 F.3d 132, 140 (2d Cir. 2001). Evidence is considered "material" for the purposes of the third prong "if there is a 'reasonable probability' that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433, 115 S. Ct. 1555, 1565, 131 L. Ed. 2d 490 (1995).

Since, inter alia, Petitioner has not shown that any non-disclosed Brady material, i.e., material that is exculpatory or impeaching, actually exists, or that the material he seeks would be material to the outcome of his criminal proceeding, he has not established good cause for the discovery he seeks. See, e.g. Taylor v. Poole, No. 07-CV-6318, 2009 WL 2634724, at *28 (S.D.N.Y. Aug. 27, 2009), report and recommendation adopted by 2011 WL

3809887 (S.D.N.Y. Aug. 26, 2011) ("Without any showing that the evidence existed, [the petitioner] has no basis to claim that the government withheld it."); Mannino v. Graham, No. 06-CV-6371, 2009 WL 2058791, at *9 (E.D.N.Y. July 15, 2009) ("[T]o establish a Brady violation, a petitioner must initially establish that the evidence sought in fact, existed.") (internal quotation marks and citation omitted)). Mere speculation that exculpatory or impeaching evidence was withheld is insufficient to establish good cause for a discovery request. See Mallet v. Miller, 432 F. Supp. 2d 366, 377-78 (S.D.N.Y. 2006). Accordingly, Petitioner's motion for discovery is DENIED.

## CONCLUSION

For the foregoing reasons, McFadden's motion for discovery is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  30 , 2015
       Central Islip, New York