```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
REGINALD G. McFADDEN,

                Petitioner,
                                         MEMORANDUM & ORDER
        -against-                        15-CV-0119 (JS)

ANDREW CUOMO, Governor of
New York,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Reginald G. McFadden, pro se
                    95-A-6279
                    Attica Correctional Facility
                    639 Exchange Street
                    PO Box 149
                    Attica, NY 14011

For Respondent:     Judith R. Sternberg, Esq.
                    Nassau County District Attorney's Office
                    262 Old Country Road
                    Mineola, NY 11501

                    Paul B. Lyons, Esq.
                    Office of the N.Y.S. Attorney General
                    120 Broadway
                    New York, NY 10271
```

SEYBERT, District Judge:

Before the Court is petitioner Reginald G. McFadden's ("McFadden" or "Petitioner") application seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Petition is DENIED.

BACKGROUND

On December 7, 1969, Petitioner, and three friends robbed and murdered Sonia Rosenbaum in Pennsylvania. (Resp't's

Ans., Docket Entry 11, ¶ 6.)  Following a jury trial, McFadden was convicted of the murder, as well as lesser crimes, and sentenced to life imprisonment.  (Resp't's Ans. ¶ 6.)  After serving twenty-five years of his life sentence, Petitioner was pardoned by the governor of Pennsylvania and, on July 7, 1994, released to New York under the interstate parole system.  (Resp't's Ans. ¶ 7.)

On September 28, 1994, McFadden raped and murdered Margaret Kierer.  (Resp't's Ans. ¶ 8.)  McFadden was indicted in Nassau County for six counts of Murder in the Second Degree; Robbery in the First Degree; Rape in the First Degree; Aggravated Sexual Abuse in the First Degree; and Sexual Abuse in the First Degree.  (Resp't's Ans. ¶ 9.)  At the time of his indictment, McFadden was involved in unrelated proceedings in Rockland County, New York, where he had been indicted on multiple charges of rape, sexual abuse, robbery, burglary, and lesser crimes.  (Resp't's Ans. ¶ 10.)

Upon the conclusion of Petitioner's jury trial and conviction in Rockland County, he was transported to Nassau County, where, on September 27, 1995, he pleaded guilty to Murder in the Second Degree for the murder of Margaret Kierer and in satisfaction of all charges contained in the Nassau County indictment. (Resp't's Ans. ¶ 11.)  As part of his plea, McFadden waived his right to appeal.  (Resp't's Ans. ¶ 11.)  On October 25, 1995, Petitioner was sentenced to a term of imprisonment of twenty-five

years to life. (Resp't's Ans. ¶ 12.) The sentence was ordered to run consecutively to the sentences already imposed in both Rockland County and Pennsylvania. (Resp't's Ans. ¶ 12.) Petitioner did not file a direct appeal from the Nassau County judgment of conviction. (Resp't's Ans. ¶ 12.)

Petitioner was indicted for another murder in Rockland County, and was tried, convicted, and sentenced to a term of imprisonment of twenty-five years to life. (Resp't's Ans. ¶ 13.) The conviction was affirmed by the Appellate Department, second Judicial Department ("Appellate Division"). See People v. McFadden, 261 A.D.2d 419, 692 N.Y.S.2d 395 (2d Dep't 1999). On September 25, 2013, Petitioner claimed that he was denied effective assistance of appellate counsel in that matter. (Resp't's Ans. ¶ 13.) The Appellate Division denied his claim. See People v. McFadden, 109 A.D.3d 1008, 971 N.Y.S.2d 703 (2d Dep't 2013).

In 1996, Petitioner sought to set aside his Nassau County guilty plea for the murder of Margaret Kierer, and filed a motion pursuant to Criminal Procedure Law ("C.P.L.") § 440. (Resp't's Ans. ¶ 14.) McFadden claimed that his plea was coerced and that he endured ineffective assistance of counsel. (Resp't's Ans. ¶ 14.) The petition was denied on January 16, 1997, and leave to appeal to the Appellate Division was denied on March 26, 1997. (Resp't's Ans. ¶ 14.)

In 1996, McFadden sought a writ of habeas corpus in the United States District Court, Eastern District of New York ("First Petition"). (Resp't's Ans. ¶ 15.) Petitioner argued that he had been denied the right to file a post-judgment motion and thus, his Nassau County conviction was invalid. (Resp't's Ans. ¶ 15.) McFadden then filed a supplemental petition claiming that: (1) his arrest was illegal; (2) he had been denied effective assistance of counsel; (3) his plea was involuntary; and (4) he had been denied the right to file a post-judgment motion. (Resp't's Ans. ¶ 15.) The Court found Petitioner's arguments both procedurally barred and meritless and denied McFadden's application for a writ of habeas on February 2, 1999. See McFadden v. Kuhlman, No. 96-CV-5976 (E.D.N.Y. Feb. 2, 1999).

While his petition for a writ of habeas corpus was pending, McFadden filed another post-judgment motion in County Court, Nassau County. (Resp't's Ans. ¶ 16.) Petitioner asserted that: (1) the trial court failed to adhere to statutory requirements for sentencing a prior felony offender; (2) he was not advised of his right to appeal; (3) the court should have advised him of the existence of an affirmative defense; (4) the court failed to comply with the requirements of C.P.L. § 220.10(5); and (5) the court should have ordered that he be examined pursuant to C.P.L. Article 730. (Resp't's Ans. ¶ 16.) The motion was

denied on December 16, 1998, and leave to appeal to the Appellate Division was denied on February 23, 1999. (Resp't's Ans. ¶ 16.)

McFadden filed a third C.P.L. § 440 motion in April 1999, seeking vacatur of the judgment of conviction in this matter claiming that the prosecution knowingly presented perjured testimony in the grand jury and the defense counsel defrauded the court. (Resp't's Ans. ¶ 17.) On July 28, 1999, the motion was denied, and leave to appeal to the Appellate Division was denied on September 29, 1999. (Resp't's Ans. ¶ 17.)

A few years later, Petitioner filed another C.P.L. § 440 motion seeking vacatur of the judgment. (Resp't's Ans. ¶ 18.) This time McFadden claimed that his plea was involuntary because, at the time of the plea, he was: (1) suffering the effects of a prescription drug that "'impaired [his] ability to defen[d]'" himself; (2) not informed of the consequences of his plea; and (3) not informed of his right to appeal. (Resp't's Ans. ¶ 18.) The petition was denied on December 5, 2005, and leave to appeal to the Appellate Division was denied on April 5, 2006. (Resp't's Ans. ¶ 18.)

In 2013, McFadden filed a fifth C.P.L. § 440 motion seeking vacatur of his Nassau County conviction. (Resp't's Ans. ¶ 19.) He asserted that: (1) the grand jury proceedings were flawed; (2) he was denied effective assistance of counsel; (3) his plea allocution was inadequate; and (4) his plea was coerced.

5

(Resp't's Ans. ¶ 19.) McFadden also requested DNA testing of all forensic evidence in the possession of both the Nassau County and Rockland County authorities. (Resp't's Ans. ¶ 19.) On December 23, 2013, Petitioner's motion was denied, and on May 7, 2014, his leave to appeal to the Appellate Division was denied. (Resp't's Ans. ¶ 20.)

On January 5, 2015, McFadden has once again petitioned this Court seeking a writ of habeas corpus. (Pet., Docket Entry 1.) Petitioner claims that: (1) he was illegally arrested; (2) his guilty plea to the murder of Margaret Kierer was involuntary; (3) he was secretly indicted on the basis of false evidence; (4) trial counsel was ineffective; (5) his plea was not authorized by New York law; (6) exculpatory evidence was not presented to the grand jury; (7) his prosecution was politically motivated by New York Governor George Pataki; (8) he was prevented from filing a motion to withdraw his guilty plea prior to sentencing; (9) he was wrongly denied permission to appeal from the denial of his first C.P.L. § 440 motion; and (10) his sentence is illegal under New York law. (Resp't's Ans. ¶ 21.)

On January 5, 2015, Petitioner also sought leave to proceed _in forma pauperis_. McFadden's _in forma pauperis_ application was granted on February 12, 2015. (Docket Entry 5.)

On February 13, 2015, Petitioner moved for discovery in connection with his habeas petition. (Docket Entry 7.) On

September 30, 2015, this Court denied Petitioner's motion for discovery. (Docket Entry 14.)

DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a gatekeeping mechanism for the consideration or second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 2337, 135 L. Ed. 2d 827 (1996) (internal quotation marks omitted). Before a district court may consider a successive habeas application, the "prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." Id.; see 28 U.S.C. 224(b)(3)(A). The "AEDPA allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003).

The instant petition constitutes a successive petition because it "rais[es] claims regarding the same conviction or sentence" at issue in the First Petition, which was decided by this Court on the merits. Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998) ("Generally, a [habeas] petition is 'second or successive' if a prior [habeas] petition, raising claims regarding the same conviction or sentence, has been decided on the merits. This remains true even if the latter petition purports to raise

7

new claims.") (citations omitted).[1] Therefore, without authorization from the Second Circuit, this Court has no jurisdiction to consider the instant petition. See, e.g., Walker v. Cuomo, No. 12-CV-4512, 2012 WL 5386218, at *2 (E.D.N.Y. Nov. 1, 2012) ("Because plaintiff has already filed several habeas petitions, he must seek permission from the Unites States Court of Appeals to file a successive habeas petition."); Moore v. Superintendent of Southport Corr. Facility, No. 12-CV-4302, 2012 WL 5289599, at *2 (E.D.N.Y. Oct. 19, 2012) ("Should petitioner wish to challenge further his . . . conviction in federal court, he must again move before the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief.") (emphasis in original) (citation omitted); James v. Connolly, No. 12-CV-1543, 2012 WL 1129359, at *1 (E.D.N.Y. Mar. 30, 2012) ("[P]etitioner must move in the Unites States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief.") (citation omitted).

Petitioner has previously challenged his 1995 Nassau County guilty plea pursuant to 28 U.S.C. § 2254 in the United

---

[1] Corrao involved a motion brought by a federal prisoner under 28 U.S.C. § 2255. However, for the purposes of the AEDPA's authorization requirement for second and successive applications, "there is no material difference between § 2254 and § 2255." Torres, 316 F.3d at 151.

States District Court for the Eastern District of New York, which was denied. See McFadden v. Kuhlman, No. 96-CV-5976 (E.D.N.Y. Feb. 2, 1999). Should Petitioner wish to further challenge his Nassau County conviction in federal court, he must move before the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A); see Torres, 316 F.3d at 151 ("[A] district court must transfer uncertified successive motions to [the Court of Appeals] pursuant to 28 U.S.C. § 1631."). Accordingly, McFadden's habeas corpus application is DENIED, and the instant petition is transferred to the Second Circuit.

## CONCLUSION

For the foregoing reasons, McFadden's habeas corpus petition is DENIED. The Clerk of the Court is respectfully directed to transfer this Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Upon transfer of this petition, the Clerk of the Court is directed to CLOSE this case. If the Second Circuit authorizes Petitioner to proceed in this matter, Petitioner shall move to reopen this docket number.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Clerk of the Court is directed to serve a copy of this Memorandum and Order on Petitioner and to note such service on the docket.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December   15  , 2015
       Central Islip, New York